# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 20, 2023

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| D. DOUGLAS RICE, | |
| Petitioner, | No. 20-1623V |
| | Special Master Oler |
| v. | |
| | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * | |

*James H. Cook*, Dutton, Braun, et al., Waterloo, IA, for Petitioner.
*Alec Saxe*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 19, 2020, D. Douglas Rice ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that he developed injuries, including trigeminal neuropathy, as a result of an influenza vaccination he received on November 20, 2017. Pet. at 1. On September 30, 2022, the parties filed a stipulation of dismissal and on the same day the undersigned issued her order concluding proceedings pursuant to Vaccine Rule 21(a). (ECF No. 33).

On October 21, 2022, Petitioner filed an application for final attorneys' costs. (ECF No. 34). ("Fees App."). Petitioner does not request any attorneys' fees for the work of his counsel but seeks reimbursement of $2,400.00 for costs incurred in paying a retainer to a potential medical expert. Respondent responded to the motion on November 3, 2022, stating that "Respondent is

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 36). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned is satisfied that good faith and reasonable basis have been met in the instant case, and Respondent also has indicated he is satisfied that those requirements have been met.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,400.00 in attorneys' costs, a retainer paid to Dr. Alexander Merkler to review petitioner's medical records. Petitioner has provided adequate documentation supporting the requested cost and in the undersigned's experience, this is a reasonable amount to pay as a retainer for a medical expert. Petitioner's cost shall therefore be fully reimbursed.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $0.00 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$0.00** |
| | |
| Attorneys' Costs Requested | $2,400.00 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2.400.00** |
| | |
| **Total Amount Awarded** | **$2,400.00** |

**Accordingly, the undersigned awards a lump sum in the amount of $2,400.00, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. James Cook.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).